**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**August 22, 2025**

_____

**Christopher M. Wolpert**
**Clerk of Court**

ARMANDO MARTINEZ,

    Petitioner - Appellant,

v.

RICHARD MARTINEZ; ATTORNEY
GENERAL OF THE STATE OF NEW
MEXICO,

    Respondents - Appellees.

No. 24-2105
(D.C. No. 2:21-CV-00848-MV-DLM)
(D. N.M.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **McHUGH**, **KELLY**, and **FEDERICO**, Circuit Judges.

_____

New Mexico prisoner Armando Martinez appeals from the district court's

denial of his 28 U.S.C. § 2254 habeas application.  Exercising jurisdiction under

28 U.S.C. §§ 1291 and 2253(a), we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**BACKGROUND**

Mr. Martinez is intellectually disabled, with a "verbal IQ of 63, performance IQ of 73, full scale IQ of 65, and full verbal IQ of 55." Aplt. Opening Br. at 8. A forensic psychologist opined that "he has the language development, socialization, self-direction, and communication abilities of a three-year-old child." *Id.*[1] His habeas claims are rooted in his intellectual disability.

When Mr. Martinez was accused of engaging in criminal sexual conduct, a detective interviewed him. Although he initially said his conduct was consensual, he eventually agreed with the detective's suggestion that it was not consensual. After the state court found Mr. Martinez competent to be tried, the prosecution introduced that statement along with other evidence at trial. A jury convicted Mr. Martinez of two counts of second-degree criminal sexual penetration, one count of false imprisonment, and one count of aggravated battery. Mr. Martinez unsuccessfully pursued a direct appeal and state habeas proceedings in which he argued, among other issues, that he was incompetent to be tried and that his counsel was ineffective in failing to recognize the importance of his intellectual disability, both as to the voluntariness of his statement to the detective and as a defense at trial.

---

[1] Mr. Martinez demonstrated somewhat higher equivalent mental ages in other areas. "In the domains of economic activity; numbers and times; responsibility; and vocational activity, Mr. Martinez's equivalent mental age ranged from between four years, six months, to seven years, six months." Aplee. Resp. Br. at 7. But "[i]n the independent-functioning domain . . . Mr. Martinez's mental-age equivalent was above that of an average sixteen[-]year[-]old, and for domestic activity . . . his mental-age equivalent was that of an average fourteen[-]year[-]old." *Id.*

Mr. Martinez brought several claims in his § 2254 application. As relevant here, he asserted that he was incompetent and therefore trying him violated his right to due process. He also asserted that, in light of his intellectual disability, his counsel was ineffective for not challenging the voluntariness of his statement and not presenting a defense based on mental deficiency. The magistrate judge issued proposed findings and a recommended disposition (PFRD) rejecting the claims. The district court overruled Mr. Martinez's objections, denied the § 2254 application, and denied a COA.

We granted a COA on the claims that (1) Mr. Martinez's right to due process was violated because he was incompetent to be tried, and (2) in light of his intellectual disability, his counsel was ineffective in not challenging the voluntariness of his statement to a detective and not presenting a defense based on mental deficiency. The State filed a response brief advocating for affirmance. Mr. Martinez did not file a reply brief.

## DISCUSSION

### I.    Legal Standards

"We review the district court's legal analysis of the state court decision *de novo* and its factual findings, if any, for clear error." *Newmiller v. Raemisch*, 877 F.3d 1178, 1194 (10th Cir. 2017) (internal quotation marks omitted).

Under 28 U.S.C. § 2254(d), a habeas applicant must demonstrate that the state court's adjudication of his claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

3

determined by the Supreme Court of the United States," § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). It is Mr. Martinez's burden to satisfy the "demanding standards" for habeas relief. *Meek v. Martin*, 74 F.4th 1223, 1249 (10th Cir. 2023).

A state-court decision is "contrary to" Supreme Court "precedent if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Court's]." *Williams v. Taylor*, 529 U.S. 362, 405 (2000). A decision is "an unreasonable application of" Supreme Court precedent when "the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at 407.

"[D]eference and reasonableness are our watchwords as we review [state-court] rulings" in habeas cases. *Meek*, 74 F.4th at 1248. "[I]t is insufficient to show that the state court's decision was merely wrong or even clear error. The prisoner must show that a state court's decision is so obviously wrong that no reasonable judge could arrive at the same conclusion given the facts of the prisoner's case." *Id.* (citation and internal quotation marks omitted). "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

4

## II.    Competency

"[T]he criminal trial of an incompetent defendant violates due process." *Medina v. California*, 505 U.S. 437, 453 (1992).  The test for competency to stand trial is "whether [a defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him."  *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam); *see also Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996) (describing the *Dusky* standard as "well settled").

The state trial court held a pre-trial competency hearing at which it heard the testimony of forensic psychologist Dr. Susan Cave.  Although Dr. Cave opined that Mr. Martinez was incompetent to be tried, the trial court found Mr. Martinez competent.  After reviewing Dr. Cave's testimony (some of which supported the finding of competency, and some of which undermined it), the New Mexico Court of Appeals (NMCA) identified evidence supporting the finding:

> Dr. Cave testified as to Defendant's ability to consult with his attorney and assist in his defense.  According to Dr. Cave, Defendant was able to identify and name his attorney.  Defendant also understood he could help his defense by telling his lawyer his version of events, and importantly, knew what confidentiality was in his concrete way of expressing himself.

> Dr. Cave also testified as to Defendant's understanding of the nature of the proceedings against him and acknowledged that Defendant expressed an understanding of the pleas he could enter in court and knew the definitions of "guilty" and "not guilty."  Although he had some difficulty understanding the district attorney's role, he accurately characterized the roles of other courtroom players, such as the public defender, judge, and jury.  Of note, when asked to define the public defender's role, Defendant said, "He is there to defend me."  Defendant also demonstrated an

5

understanding of probation and was also able to tell Dr. Cave what some of the specific conditions of probation might be, such as, no weapons, alcohol, or contact with Victim. He further understood that there would be no probation if he was found not guilty. Defendant also knew that if he accepted a plea bargain he would be giving up his rights.

Dr. Cave's testimony additionally indicates that Defendant comprehended the nature of the charges against him and the reasons for punishment. Defendant knew he was charged with [criminal sexual penetration] and for "hitting" Victim. He appreciated the difference between misdemeanors and felonies and that felonies were more serious offenses. Defendant was aware that he could go to prison if he was found guilty. Moreover, Defendant knew that he did not have to testify and defined evidence as "proof."

R. at 465-69 (alterations, citations, and internal quotation marks omitted). The NMCA therefore upheld the trial court's finding of competency. The New Mexico Supreme Court denied a writ of certiorari.

In considering the § 2254 application, the magistrate judge recommended the federal district court hold that the NMCA's decision was not an unreasonable application of the *Dusky* standard. Mr. Martinez objected, stating that the decision was unreasonable because the indictment and jury instructions were too complex for a person with his intellectual disability to understand. The district court rejected the claim, holding that (1) Mr. Martinez waived his argument about the indictment and jury instructions because he did not make it in his amended § 2254 application, but instead asserted it for the first time in his objections, and (2) the argument failed on the merits. It stated that Mr. Martinez "does not argue or point to facts showing that he did, in fact, misunderstand any of the terms of the indictment or the jury instructions, or otherwise argue that he lacked sufficient present ability to consult

6

with his lawyer under the *Dusky* standard." R. at 895. And he did not "cite[] to any clearly established federal law (as he must) to support his position that he should have been deemed incompetent based on a theoretical supposition that he *could not have* understood the terms in the indictment and/or jury instructions, with no basis for that supposition in fact." *Id.*

Mr. Martinez asserts that "[i]t was manifestly unreasonable for the New Mexico state courts to find and conclude that [he] is somehow competent when he operates at the level of a three-year[-]old toddler as to language development, socialization, self-direction, and communication abilities." Aplt. Opening Br. at 19. We cannot conclude, however, that Mr. Martinez is entitled to relief under § 2254.

First, Mr. Martinez's competency argument heavily relies on his assertion that he could not understand the indictment and jury instructions. The district court held that he waived this argument. He states that he did not waive his competency argument, and it is true that he consistently has asserted that he was not competent to be tried. But he first asserted that he was not competent to be tried *because he could not understand the indictment or the jury instructions* in his objections to the PFRD. That was too late. *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

Second, even disregarding waiver, Mr. Martinez has not shown he is entitled to relief on the competency claim. His argument about the indictment and jury instructions rests on a presumption, rather than facts: Mr. Martinez asserts that

7

because of his intellectual disability, he *could not have* understood the indictment and jury instructions, but he did not supply any evidence that he *did not* understand either the indictment or the jury instructions. But as the district court stated, he has not identified any Supreme Court precedent establishing a presumption that would apply in these circumstances. *See Harrington*, 562 U.S. at 101 (*"*It is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court." (brackets and internal quotation marks omitted)).

The record before the state court included evidence in favor of and evidence undermining a finding of competency. On this record, "[a]t the very least, it is possible fairminded jurists could disagree regarding whether the [state court's] competency determination conflicts with Supreme Court precedent." *Grant v. Royal*, 886 F.3d 874, 914 (10th Cir. 2018) (internal quotation marks omitted). As such, Mr. Martinez has not demonstrated entitlement to habeas relief. *See Harrington*, 562 U.S. at 103 ("As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.").

Finally, Mr. Martinez suggests in passing that the district court should have held an evidentiary hearing with regard to his competency claim. "[A] passing reference to a matter is insufficient to present an issue for appellate review." *Tryon*

8

*v. Quick*, 81 F.4th 1110, 1151 n.22 (10th Cir. 2023), *cert. denied*, 144 S. Ct. 2586 (2024). Mr. Martinez fails to develop an argument on why he was entitled to hearing, despite the limitations on evidentiary hearings in § 2254 cases, *see* § 2254(e)(2). We thus do not consider the issue.

### III.    Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, a defendant "must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

The state habeas court concluded that Mr. Martinez's counsel performed deficiently, but it denied relief on the prejudice prong. It noted that he "did not even attempt to present evidence that [he] was prejudiced," but instead he "seemed to assume that if counsel was deficient there was prejudice." R. at 628. It reviewed the totality of the evidence but did not find prejudice. The New Mexico Supreme Court denied a writ of certiorari.

The magistrate judge recommended denying the ineffective-assistance claim because Mr. Martinez did "not argue that the state habeas court unreasonably applied *Strickland* in finding he was not prejudiced, or that it made an unreasonable finding of fact in denying his claim." R. at 862. Mr. Martinez argued prejudice in his

objections, but the district court rejected the ineffective-assistance claim for two reasons: (1) Mr. Martinez waived his prejudice argument by failing to include it in his § 2254 application, and (2) the claim would fail on the merits because he had not shown prejudice. The district court also denied Mr. Martinez's request for an evidentiary hearing.

Before this court, Mr. Martinez asserts that the district court erred in holding he waived his prejudice argument. He also challenges the denial of an evidentiary hearing. But he does not address the district court's second reason for denying relief on this claim—that it would fail on the merits. "If the district court states multiple alternative grounds for its ruling and the appellant does not challenge all those grounds in the opening brief, then we may affirm the ruling." *Rivero v. Bd. of Regents of Univ. of N.M.*, 950 F.3d 754, 763 (10th Cir. 2020).

Even disregarding the failure to challenge the merits ruling, however, we cannot conclude the state court's decision was contrary to or an unreasonable application of *Strickland*. *See Harrington*, 562 U.S. at 101 ("The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable."); *id.* at 105 ("The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." (citations and internal quotation marks omitted)). Although Mr. Martinez had not identified evidence of prejudice, the state court evaluated the prejudice prong. It found that even without the statement to the detective, there was sufficient evidence to convict Mr. Martinez, and it concluded that Mr. Martinez had "not met his burden of showing

that the outcome of his trial would have been different" and had not "undermined confidence in the outcome of this case." R. at 628. This discussion reflected the proper legal standards. *See Strickland*, 466 U.S. at 694; *Harrington*, 562 U.S. at 111-12. And at the very least, fair-minded jurists could disagree on whether the state court correctly concluded that Mr. Martinez did not show prejudice. *See Harrington*, 562 U.S. at 113 (recognizing "ample basis" for the state court "to think any real possibility of [the petitioner's] being acquitted was eclipsed by the remaining evidence pointing to guilt"). Mr. Martinez therefore is not entitled to habeas relief. *See id.* at 101, 103.

## CONCLUSION

We affirm the district court's judgment.

Entered for the Court

Carolyn B. McHugh
Circuit Judge